UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JAMES BAILEY,

        Petitioner,                      Case No. 2:24-cv-10486

v.                                        Honorable Susan K. DeClercq
                                               United States District Judge

PEOPLE OF THE STATE OF MICHIGAN,

        Respondent.
_____/

**ORDER DIRECTING PETITIONER TO CORRECT FILING DEFICIENCY AND PROVIDING NOTICE OF INTENT TO DISMISS FOR FAILURE TO COMPLY WITH EXHAUSTION REQUIREMENT**

Petitioner Larry James Bailey is an inmate at the Macomb Correctional Facility in Lenox Township, Michigan. After a jury convicted him for assault and criminal sexual conduct, he sought to vacate his conviction in the Michigan courts, asserting ineffective assistance of counsel among other claims. Despite a reduction in sentence and several appeals—including a specific directive from the Michigan Supreme Court to reevaluate counsel's effectiveness—the appellate courts affirmed his convictions.

Now, Petitioner seeks habeas corpus under 28 U.S.C. § 2244. But he did not exhaust two of his four claims in the state courts, as required. So, unless he informs this Court of his intent to pursue only his exhausted claims or to have the case stayed, his petition will be dismissed.

I.

On January 12, 2017, a Macomb County jury found Petitioner guilty of two counts: assault with intent to commit criminal sexual conduct involving penetration, MICH. COMP. LAWS § 750.520g(1), and second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(2)(b). The trial court sentenced Petitioner to 26–40 years' imprisonment, later reduced to 11–20 years' imprisonment. ECF No. 1 at PageID.1.

Petitioner exercised his right to appeal to the Michigan Court of Appeals, asserting ineffective assistance of trial counsel based on the introduction of a damaging transcript and a failure to summon defense witnesses. *Id.* at PageID.2. The case was remanded for a *Ginther*[1] hearing. *People v. Bailey*, No. 338351, 2019 WL 1085472, at *3 (Mich. Ct. App. Mar. 7, 2019). The trial court concluded that Petitioner was not denied effective assistance, Petitioner appealed, and the Michigan Court of Appeals affirmed. *People v. Bailey*, No. 338351, 2019 WL 2711226, at *1 (Mich. Ct. App. June 27, 2019). Petitioner sought leave to appeal in the Michigan Supreme Court, which remanded the case "for consideration of the issue not addressed by that court in its first or second review of this case—whether defendant's trial counsel was ineffective for failing to investigate and present

---

[1] *People v. Ginther*, 390 Mich. 436; 212 N.W.2d 922 (1973).

witnesses to support the theory of defense." *People v. Bailey*, 937 N.W.2d 362 (Mich. 2020).

On remand, the Michigan Court of Appeals remanded the case for a second *Ginther* hearing, *People v. Bailey (On Remand)*, No. 338351, 2020 WL 1680946, at *1 (Mich. Ct. App. Apr. 6, 2020), which resulted in another affirmance of his convictions on appeal, *People v. Bailey*, No. 338351, 2022 WL 1282646, at *1 (Mich. Ct. App. Apr. 28, 2022) (per curiam). The Michigan Supreme Court then declined leave to appeal because it was "not persuaded that the questions presented should be reviewed." *People v. Bailey*, 981 N.W.2d 478 (Mich. 2022).

On February 27, 2024, Petitioner filed a habeas petition here under 28 U.S.C. § 2244, raising four claims. ECF No. 1 at PageID.12. However, because two of them have not yet been exhausted, the petition is not properly before this Court.

## II.

Before state prisoners may raise a claim in a federal habeas petition, they must first exhaust their remedies within the state-court system. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement ensures that state courts have the initial opportunity to address and to correct any violations of a prisoner's rights. Thus, each habeas claim must have been fairly presented to the Michigan Court of Appeals and to the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Here, Petitioner has acknowledged that he did not yet exhaust his third (cumulative error) and fourth (structural error) claims in the state courts. ECF No. 1 at PageID.9–10. Accordingly, his petition is a "mixed" one, presenting two exhausted claims (claims one and two) and two unexhausted claims (claims three and four).

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition . . . ." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (first citing 28 U.S.C. § 2254(b)(1)(A); and then citing *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005)). In such a situation, the court may choose one of four paths:

> (1) dismiss the whole mixed petition,
> (2) stay the case while the petitioner exhausts the unexhausted claims in state court,
> (3) permit the petitioner to dismiss the unexhausted claims and then address with the exhausted claims, or
> (4) ignore the exhaustion requirement altogether and deny the petition on the merits if all the claims lack merit.

*Harris*, 553 F.3d at 1031–32 (internal citations omitted).

Generally, this Court would dismiss a mixed habeas petition if its petitioner did not request a stay. A stay of habeas proceedings requires the petitioner to demonstrate

> (1) "good cause" for the failure to exhaust,
> (2) that the unexhausted claims are not "plainly meritless," and
> (3) that the petitioner has not intentionally delayed the proceedings.

*Rhines v. Weber*, 544 U.S. 269, 270 (2005).

- 4 -

Considering the circumstances of this case, dismissal would appear to bar Petitioner's claims completely under the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Instead, this Court will give Petitioner an opportunity to share his intent: Petitioner must inform this Court in writing, on or before April 22, 2024, that he wants either (1) to proceed with only claims one and two or (2) to request that this Court stay the case while he exhausts his unexhausted claims in state court. A request for a stay must satisfy the three *Rhines* factors listed above. If he does neither, then the habeas petition will be dismissed without prejudice.

### III.

Accordingly, it is **ORDERED** that Petitioner is **DIRECTED** to inform this Court in writing **on or before April 22, 2024**, whether he wants (1) to dismiss his two unexhausted claims (i.e., claims one and two) and to proceed with his exhausted claims (i.e., claims three and four); or (2) to abey the case while he exhausts his two unexhausted claims in state court.

Dated: 4/12/2024 /s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge