UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JAMES BAILEY,

        Petitioner,                          Case No. 2:24-cv-10486

v.                                               Honorable Susan K. DeClercq
                                                    United States District Judge

PEOPLE OF THE STATE OF MICHIGAN,

        Respondent.
_____/

## OPINION AND ORDER HOLDING HABEAS CASE IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Larry James Bailey is confined at the Macomb Correctional Facility in Lenox Township, Michigan, following a jury conviction for assault and criminal sexual conduct. He sought to vacate his conviction in the Michigan courts, asserting ineffective assistance of counsel among other claims. Despite a reduction in sentence and several appeals—including a remand to reevaluate counsel's effectiveness—the state courts affirmed his convictions.

Now, Petitioner seeks habeas corpus under 28 U.S.C. § 2244. But he did not exhaust two of his four claims in the state courts as required. As explained below, the Petition will be held in abeyance so that Petitioner can return to the state court to exhaust his additional claims, and the case will be administratively closed.

I.

On January 12, 2017, a Macomb County jury found Petitioner guilty of two counts: assault with intent to commit criminal sexual conduct involving penetration, MICH. COMP. LAWS § 750.520g(1), and second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(2)(b). The trial court sentenced Petitioner to 26–40 years' imprisonment, later reduced to 11–20 years' imprisonment. ECF No. 1 at PageID.1.

Petitioner exercised his right to appeal to the Michigan Court of Appeals, asserting ineffective assistance of trial counsel based on the introduction of a damaging transcript and a failure to summon defense witnesses. *Id.* at PageID.2. The case was remanded for a *Ginther*[1] hearing. *People v. Bailey*, No. 338351, 2019 WL 1085472, at *3 (Mich. Ct. App. Mar. 7, 2019). The trial court concluded that Petitioner was not denied effective assistance, Petitioner appealed, and the Michigan Court of Appeals affirmed. *People v. Bailey*, No. 338351, 2019 WL 2711226, at *1 (Mich. Ct. App. June 27, 2019). Petitioner sought leave to appeal in the Michigan Supreme Court, which remanded the case "for consideration of the issue not addressed by that court in its first or second review of this case—whether defendant's trial counsel was ineffective for failing to investigate and present

---

[1] *People v. Ginther*, 390 Mich. 436; 212 N.W.2d 922 (1973).

witnesses to support the theory of defense." *People v. Bailey*, 937 N.W.2d 362 (Mich. 2020).

On remand, the Michigan Court of Appeals remanded the case for a second *Ginther* hearing. *People v. Bailey (On Remand)*, No. 338351, 2020 WL 1680946, at *1 (Mich. Ct. App. Apr. 6, 2020). Petitioner's convictions were again affirmed on appeal—with one judge dissenting. *People v. Bailey*, No. 338351, 2022 WL 1282646 (Mich. Ct. App. Apr. 28, 2022) (SHAPIRO, J., dissenting) (per curiam). And then the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." *People v. Bailey*, 981 N.W.2d 478 (Mich. 2022).

On February 27, 2024, Petitioner filed a habeas petition here under 28 U.S.C. § 2244, raising four claims. ECF No. 1 at PageID.12. However, because two of the claims have not yet been exhausted, the petition is not properly before this Court. Instead of dismissing the Petition, this Court sought Petitioner's input on whether he wanted the case held in abeyance while he exhausted his unexhausted claims. ECF No. 5. He then asked that the case held in abeyance. ECF No. 6

## II.

Before state prisoners may raise a claim in a federal habeas petition, they must first exhaust their remedies within the state-court system. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement

ensures that state courts have the initial opportunity to address and to correct any violations of a prisoner's rights. Thus, each habeas claim must have been fairly presented to the Michigan Court of Appeals and to the Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Here, Petitioner has acknowledged that he did not yet exhaust his third (cumulative error) and fourth (structural error) claims in the state courts. ECF No. 1 at PageID.9–10. Thus, his petition is a "mixed" one, presenting two exhausted claims (claims one and two) and two unexhausted claims (claims three and four).

"A federal district court, generally speaking, may not grant the writ on a 'mixed' petition . . . ." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009) (first citing 28 U.S.C. § 2254(b)(1)(A); and then citing *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005)). In such a situation, the court may choose one of four paths:

> (1) dismiss the whole mixed petition,
> (2) stay the case while the petitioner exhausts the unexhausted claims in state court,
> (3) permit the petitioner to dismiss the unexhausted claims and then address with the exhausted claims, or
> (4) ignore the exhaustion requirement altogether and deny the petition on the merits if all the claims lack merit.

*Id.* at 1031–32 (internal citations omitted).

Generally, this Court would dismiss a mixed habeas petition if its petitioner did not request a stay. A stay of habeas proceedings requires the petitioner to demonstrate

- 4 -

> (1) "good cause" for the failure to exhaust,
> (2) that the unexhausted claims are not "plainly meritless," and
> (3) that the petitioner has not intentionally delayed the proceedings.

*Rhines*, 544 U.S. at 270. But the circumstances of this case indicate that dismissal might bar Petitioner's claims completely under the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

So this Court provided Petitioner an opportunity to share his intent either (1) to dismiss his two unexhausted claims (i.e., claims one and two) and to proceed with his exhausted claims (i.e., claims three and four) or (2) to hold the case in abeyance while he exhausts his two unexhausted claims in state court. *Bailey v. Michigan*, No. 2:24-CV-10486, 2024 WL 1606067 (E.D. Mich. Apr. 12, 2024).

Petitioner chose the latter and has satisfied the three *Rhines* factors. Petitioner, despite his lack of legal experience, managed to identify potentially meritorious claims that his court-appointed appellate advocate overlooked. ECF No. 6 at PageID.32. These claims include alleged structural errors tied to the improper admission of hearsay evidence, which his counsel acknowledged as merely "examples" among other significant trial errors. *Id.* Importantly, a dissent in the Michigan Court of Appeals signals that these claims are not without legal foundation. *People v. Bailey*, No. 338351, 2022 WL 1282646, at *14–16 (Mich. Ct. App. Apr. 28, 2022) (SHAPIRO, J., dissenting) (per curiam). Under these circumstances, where a defense lawyer has apparently conceded the existence of

other substantial errors not raised on appeal and at least one jurist perceives potential merit in the habeas claims, this Court concludes that the Petitioner's unexhausted claims are not "plainly meritless." *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). And it appears that state postconviction review was Petitioner's first opportunity to raise these issues in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). Thus, the case will be held in abeyance while Petitioner's two unexhausted claims are exhausted.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, this Court will impose time limits for Petitioner to proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Petitioner must present his claims in state court in a postconviction motion for relief from judgment with the state trial court within 60 days of the date of this Order. *See id.* Petitioner's method of properly exhausting these claims in the state courts would be a motion for relief from judgment with the Macomb County Circuit Court under Michigan Court Rule 6.502. *See Wagner*, 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich.

Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner must appeal the denial of his postconviction motion to the Michigan Court of Appeals and then to the Michigan Supreme Court to exhaust any claims that he would raise in his postconviction motion. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner must also ask this Court to lift the stay within 60 days of exhausting his state-court remedies. *See Palmer*, 276 F.3d at 781. "If the conditions of the stay are not met, the stay may later be vacated [with retroactive effect to] the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner is **PERMITTED** to file a motion for relief from judgment in the state courts **on or before June 24, 2024**. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, then the present Petition will be dismissed without prejudice. If Petitioner files a motion for relief from judgment in state court, then he must notify this Court that he did so. If so, then the case will be held in abeyance pending exhaustion of Petitioner's claims. If not, then the present Petition will be dismissed without prejudice.

Further, it is **ORDERED** that Petitioner is **DIRECTED** refile his habeas petition within 60 days after the conclusion of the state-court postconviction

proceedings. If so, then he may file an amended habeas petition that contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Further, it is **ORDERED** that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, this Court may order the Clerk to reopen this case for statistical purposes.

**This order closes the above-captioned case**.

Dated: 4/24/2024    /s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge